E-Filing

**FILED**

MAY 30 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

THOMAS N. STEWART, III - #88128
ATTORNEY AT LAW
369 BLUE OAK LANE, 2nd FLOOR
CLAYTON, CA 94517
TELEPHONE (925) 672-8452
TELEFAX (925) 673-1729
Attorneys for Rick Futia

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK FUTIA, | Case No. C 06-845 MHP |
| Plaintiff, | JOINT CASE MANAGEMENT STATEMENT |
| v. | May 29, 2007 |
| | 10:00 a.m. |
| ROBERT and SUZANNE EARNEST, | Courtroom |
| Defendants. | |
| _____/ | |

The parties to the above-entitled action hereby submit this Joint Case

Management Statement:

**1. Jurisdiction and Service:**

*Jurisdiction*: This Court has jurisdiction of this action pursuant to 28 USC § 1331 for

violations of the Americans with Disabilities Act of 1990, 42 USC 12101 et seq. Pursuant to

supplemental jurisdiction, attendant and related causes of action arising from the same facts are

also brought under California law, including but not limited to violations of California Civil

C 06-845 MHP                                                     1

Code §§ 54, 54.1 and 55. *Venue*: Venue is proper in this Court pursuant to 28 USC 1391(b) and is founded on the fact that the location where Plaintiff experienced discrimination is located in this district and that Plaintiff's causes of action arose in this district. No issues exist regarding personal jurisdiction.

All defendants have been served, and have Answered.

## 2. Facts:

This is a disability access case brought pursuant to the ADA and California law. Plaintiff alleges that he is disabled. Defendant owns the real property in Pleasanton, California where a pizza restaurant is operated. Plaintiff alleges that in June, August and December 2005, he patronized the business and encountered barriers to the disabled. Plaintiff seeks an injunction, damages and attorneys' fees.

## 3. Legal Issues:

Whether the business has barriers which are readily achievable to remove; whether the business is in violation of ADAAG or California's Title 24 because of the date of original construction and alterations (if any); the nature and extent of any damages (if any) suffered by Plaintiff and; whether Plaintiff is entitled to, and the reasonable amount of, Plaintiff's attorneys' fees and costs.

## 4. Motions:

No Motions have been made or are pending. No Motions are currently anticipated.

## 5. Amendment of Pleadings:

Defendant reserves the right to file a claim for Declaratory Relief against Plaintiff based on the same facts.

C 06-845 MHP                                    2

**6. Evidence Preservation:**

No steps have been taken to preserve any paper or electronic evidence. No such steps are thought to be needed.

**7. Disclosures:**

The parties have made their Initial Disclosures.

**8. Discovery:**

*Discovery taken to date is as follows:*

Plaintiff's Expert Inspected the property and issued a Report which was disclosed to Defendant on April 10, 2007 in a formal Expert Disclosure. Plaintiff served his First Set of Interrogatories, which Defendant answered. On December 14, 2006 Plaintiff served his Second Set of Interrogatories, which Defendant has failed to answer.

Defendant has not conducted and formal discovery.

*Discovery planned is as follows:*

Plaintiff does not plan further discovery except for obtaining answers to his Second Set of Interrogatories.

Defendant plans to serve interrogatories and take Plaintiff's deposition.

**9. Class Action:**

This is not a class action.

**10. Related Cases:**

There are no cases which are "related" to this one.

**11. Relief:**

Based on Federal and State law, Plaintiff seeks an injunction and attorneys' fees. Based

on State Statutes, Plaintiff seeks actual and statutory damages.

**12. Settlement and ADR:**

The prospects of settlement are excellent. No ADR has occurred. This case has not been assigned to the ADR Multi-Option Program. The Parties are mindful of the requirement that Plaintiff should have filed a "Notice of Need for Mediation". Plaintiff has not yet done so, because the Parties have been working cooperatively towards settlement. If this Action has not settled by the date of this Case Management Conference, the Parties request a Settlement Conference with a Magistrate Judge. No further discovery is needed to position the parties for settlement.

**13. Consent to Magistrate Judge For All Purposes:**

The Parties do not consent to the jurisdiction of a Magistrate Judge.

**14. Other References:**

No other references are appropriate.

**15. Narrowing of Issues:**

No narrowing of issues is presently appropriate.

**16. Expedited Schedule:**

This case is appropriate for an expedited schedule.

**17. Scheduling:**

The Parties propose as follows:
Designation of all witnesses in case-in-chief: October, 2007.
Designation of Experts: July 1, 2007 *[& final reports + c.v.]*
Discovery cutoff: November 1, 2007
Hearing of dispositive motions: *no later than* February 4, 2008

C 06-845 MHP                                              4

Pretrial conference: ~~March~~ April 23, 2008  2:30 p.m.

Trial: ~~May~~ 6, 2008.  9:30 a.m.

**18. Trial:**

~~Non~~ Jury trial, with expected length of three days.

**19. Disclosure of Non-party Interested Entities or Persons:**

Each party has filed the required "Certification of Interested Entities or Persons" as is required by Civil Local Rule 3-16.

The substance of Plaintiff's Certification states that there are no Interested Entities or Persons.

The substance of Defendant's Certification states that there are no Interested Entities or Persons.

**20. Such other Matters as May Facilitate the Just, Speedy and Inexpensive Disposition of this Matter:**

None.

Date:  May 17, 2007          S/Thomas N. Stewart, III,
                             Attorney for Plaintiff

Date:  May 17, 2007          S/Kevin K. Cholakian,
                             Attorney for Defendants

1     The court finds that each party was represented by lead trial counsel responsible for trial of this
2 matter and was given an opportunity to be heard as to all matters encompassed by this Case
3 Management Statement and Proposed Order filed prior to this conference. The court adopts this
4 statement as modified and enters of this court pursuant to Civ. L.R. 16-8(b).

5     The foregoing joint statement as amended is adopted by this court as the Case Management
6 Order in this action in accordance with Civ. L.R. 16 and other applicable Local Rules, and shall govern
7 all further proceedings in this action.

8     IT IS SO ORDERED.

Date: May 29, 2007

Marilyn Hall Patel,
United States District Judge

27     CASE MANAGEMENT STATEMENT AND PROPOSED ORDER